MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
11414 Thurston Circle
Los Angeles, CA 90049
Tel: (310) 979-3600
Fax: (310) 979-3603

Attorneys for PLAINTIFF,
**Perfect Point EDM Corporation**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT POINT EDM CORPORATION, a California Corporation,<br><br>Plaintiff<br><br>v.<br><br>SCINTAM ENGINEERING LTD; A Corporation of the United Kingdom<br><br>Defendant. | CASE NO. '24CV0725 CAB AHG<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Perfect Point EDM Corporation ("Perfect Point" or "Plaintiff"), for its Complaint for Patent Infringement, False Advertising, and Unfair Competition, against Defendant Scintam Engineering Ltd ("Scintam" or "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1.  This action arises pursuant to the Patent Laws of the United States, including 35 U.S.C. § 271 *et seq.*, *inter alia*, for Defendant' infringement of Perfect Point's United States Patents Nos. 8,278,584 and 8,963,040, and other related claims.

2.  The jurisdiction of this Court over the subject matter of this action is proper pursuant to 28 U.S.C. §1331 and §1338.

3.  This Court has personal jurisdiction over Defendant because Defendant offered to sell infringing products in this Judicial District and has purposely directed its

activities to the State of California. Upon information and belief, Defendant has committed acts of direct and indirect patent infringement within California. Upon information and belief, Defendant has solicited business within California, including specifically offering to sell products that infringe Perfect Point's patented technology.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3) because Defendant is not resident in the United States and may be sued in any judicial district where jurisdiction is proper.

## THE PARTIES

5. Plaintiff Perfect Point EDM Corporation is a California Corporation with a principal place of business at 15192 Triton Lane, Huntington Beach, California 92614.

6. Plaintiff designs, manufactures, and offers for sale various unique and advanced tools for aircraft maintenance, repair, and overhaul operations in the aerospace industry, within the United States.

7. Plaintiff's excellence in its field is widely recognized. Plaintiff sells to well-respected customers throughout the United States, United Kingdom, Europe, and the world, some of which are listed on Perfect Point's website, where amongst other places, Plaintiff offers its products at https://ppedm.com/ ("Plaintiff's Website"). A true and correct copy of Plaintiff's Website home page is attached hereto as Exhibit A.

8. Defendant Scintam Engineering Ltd, is a Corporation of the United-Kingdom with a place of business at 4 Stamford Court, Nottingham, England, NG5 5LZ.

9. Upon information and belief, Scintam provides tools in the aerospace field. A true and correct copy of the home page of Defendant's Website, located at the URL https://www.scintam.com ("Defendant's Website"), is attached hereto as Exhibit B.

10. Upon information and belief, Scintam advertises, and offers to sell, a removal tool under the name FastEDR. *See* Exhibit B.

11. Upon information and belief, on June 16, 2023, Defendant filed U.S. Patent Application No. 18/336,341. That Patent Application was published on

1   December 21, 2023, with Publication No. 2023/0405898. A true and correct copy of

2   Defendant's U.S. Patent Application No. 18/336,341 is attached hereto as Exhibit C.

3         12.   Upon information and belief, on June 16, 2022, Defendant filed U.K. Patent Application No. 2208907.2. That Patent Application was published on January 4, 2023, with Publication No. GB2608508. A true and correct copy of Defendant's U.K. Patent Application No. 2208907.2 is attached hereto as Exhibit D.

      13.   Upon information and belief, on June 14, 2023, Defendant filed European Patent Application No. 23179359.7. That Patent Application was published on December 27, 2023, with Publication No. EP4295982. A true and correct copy of Defendant's European Patent Application No. 23179359.7 is attached hereto as Exhibit E.

## FACTS RELEVANT TO ALL ALLEGATIONS

I.   <u>Perfect Point's '584 Patent</u>

      14.   Plaintiff is the owner of U.S. Patent No. 8,278,584 ("Perfect Point's '584 Patent"), entitled "Advanced Flushing For Workpiece Erosion", which issued on October 2, 2012. Perfect Point's '584 Patent is valid and enforceable. A true and correct copy of Perfect Point's '584 Patent is attached hereto as Exhibit F.

      15.   Perfect Point's '584 Patent broadly covers a hand-held electro discharge device to remove boluses of material from a workpiece.

      16.   Perfect Point's '584 Patent includes Independent Claim 1, which Perfect Point alleges has been infringed by Defendant.

      17.   Independent Claim 1 of Perfect Point's '584 Patent is a hand-held device comprising, in combination:

    a base;

    a hood attached to the base at a distal end of the base, the hood being configured to enclose a portion of a work space when brought to a workpiece;

    an erosion device within said hood configured to erode debris from the workpiece;

a flushing inlet configured to deliver a flushing fluid to said hood and between the erosion device and the workpiece;

a flushing outlet configured to evacuate the flushing fluid and the debris from the hood and workspace and

an inlet pump automatically controlled to initiate flow of the flushing fluid when proper conditions for plasma events are provided.

18. Perfect Point's '584 Patent includes Independent Claim 10, which Perfect Point alleges has been infringed by Defendant.

19. Independent Claim 10 of Perfect Point's '584 Patent is a fastener removal device comprising, in combination:

a hood fixably attached to a base at a distal end of the base, the hood being configured to enclose a workspace between the hood and a frame with at least a portion of a fastener within the workspace;

an erosion device having a hollow tubular shape and having a distal end disposed within the workspace and move able relative to the fastener;

a flushing inlet configured to deliver a flushing fluid to between the erosion device and the fastener; and

an inlet pump automatically controlled to initiate flow of the flushing fluid when proper conditions for plasma events are provided,

wherein the hollow tubular shape of the erosion device is configured to erode at least a portion of the fastener without eroding the frame.

20. Perfect Point's '584 Patent includes Independent Claim 15, which Perfect Point alleges has been infringed by Defendant.

21. Independent Claim 15 of Perfect Point's '584 Patent is a method for removing a fastener from a frame, comprising, in combination:

providing a hand-held device having a hood and an erosion device;

providing the hood to the frame, whereby a workspace is enclosed between the hood and the frame with at least a portion of the fastener within the workspace;

1    delivering a flushing fluid between the erosion device and the fastener;

2    controlling an inlet pump to initiate the flow of the flushing fluid when proper conditions for plasma events are provided;

4    advancing the erosion device at the fastener;

5    eroding a portion of the fastener as debris into the flushing fluid; and

6    removing the flushing fluid containing the debris of the fastener from the workspace.

II.  Perfect Point's '040 Patent

22.  Plaintiff is the owner of U.S. Patent No. 8,963,040 ("Perfect Point's '040 Patent"), entitled "Method Of Separating Fastener Shanks From Heads Or Frames", which issued on February 24, 2015. Perfect Point's '040 Patent is valid and enforceable. A true and correct copy of Perfect Point's '040 Patent is attached hereto as Exhibit G.

23.  Perfect Point's '040 Patent broadly covers a device and method for removal of fasteners by Electro Discharge Machining (EDM).

24.  Perfect Point's '040 Patent includes Independent Claim 1, which Perfect Point alleges has been infringed by Defendant.

25.  Independent Claim 1 of Perfect Point's '040 Patent is a method of separating fastener shanks from heads, the method, comprising:

Advancing, via electrical discharge machining, an erosion electrode longitudinally through a head and shank of a fastener which is held to a frame, the fastener being under stress from a collar attached to the fastener below the frame;

the fastener having a the shank fixed within a hole in the frame; and,

forming an eroded space in the shank, below the frame, equal to or less than the diameter of the hole.

26.  Perfect Point's '040 Patent includes Independent Claim 10, which Perfect Point alleges has been infringed by Defendant.

27.  Independent Claim 10 of Perfect Point's '040 Patent is a method of

separating a fastener from two or more frames, comprising:

    providing an erosion electrode to a fastener fixed through and holding two frames together;

    placing the electrode aligned with the shank of the fastener within the frame;

    fastener having ahead coaxially with the shank and extending beyond at least a portion of the frames;

    the electrode, via electrical discharge machining, eroding a 5 space within the fastener within the frames, the eroded space having an outer radius less than the outer radius of the shank, whereby a Substantially concentric ligament of the shank is formed within the frame, the thickness of the ligament being defined by an offset between the 10 outer radius of the eroded space and the outer radius of the shank.

III.    <u>Perfect Point's Product is Protected by Perfect Point's Patents</u>

28.    Plaintiff has invested substantial time and money to research and create more efficient maintenance tools for the aerospace field, especially tools to remove fasteners, culminating in Perfect Point being granted the '584 and the '040 Patents.

29.    Plaintiff offers for sale the E-Drill ("Plaintiff's Product" or "E-Drill") which is a handheld device that leverages electro discharge machining (EDM) technology to remove fasteners in aerospace maintenance. A true and correct copy of Perfect Point's brochure for the E-Drill is attached hereto as Exhibit H.

30.    Plaintiff practices the '584 and the '040 Patents because its "E-Drill" product embodies the features and limitations of Perfect Point's '584 and '040 Patents.

31.    The E-Drill practices at least Independent Claim 1 of the '584 Patent.

32.    The E-Drill practices at least Independent Claim 10 of the '584 Patent.

33.    The E-Drill practices at least Independent Claim 15 of the '584 Patent.

34.    The E-Drill practices at least Independent Claim 1 of the '040 Patent.

35.    The E-Drill practices at least Independent Claim 10 of the '040 Patent.

IV. <u>Scintam's Patent Infringing Activities</u>

36. Plaintiff found out that Scintam offered to sell a portable fastener removal tool under the name FastEDR ("FastEDR" or "Accused Product"), which is shown in the photographs below:



 

A true and correct copy of Scintam's webpage showing the FastEDR is attached hereto as Exhibit I.

37. The Accused Product is substantially similar to Perfect Point's E-Drill.

38. The Accused Product practices Perfect Point's '584 Patent.

39. The Accused Produce practices Perfect Point's '040 Patent.

40. Scintam has offered to sell the Accused Product within the United States without receiving authorization or permission from Perfect Point to do so.

41. The Accused Product infringes at least Independent Claim 1 of Perfect Point's '584 Patent.

42. The Accused Product infringes at least Independent Claim 10 of Perfect Point's '584 Patent.

43. The Accused Product infringes at least Independent Claim 15 of Perfect Point's '584 Patent.

44. A Claim Infringement Chart that explains how the Accused Product infringes Independent Claims 1, 10 and 15 of Perfect Point's '584 Patent is attached hereto as Exhibit J.

45. The Accused Product infringes at least Independent Claim 1 of Perfect Point's '040 Patent.

46. The Accused Product infringes at least Independent Claim 10 of Perfect Point's '040 Patent.

47. A Claim Infringement Chart that explains how the Accused Product infringes Independent Claims 1 and 10 of Perfect Point's '040 Patent is attached hereto as Exhibit K.

48. Perfect Point has not authorized Scintam to practice any claims of the '584 Patent.

49. Perfect Point has not authorized Scintam to practice any claims of the '040 Patent.

50. Perfect Point has not authorized any of Scintam's distributors to practice any of the claims of the '584 Patent or the '040 Patent.

51. Perfect Point has not authorized any other third party to practice any of the claims of the '584 Patent or the '040 Patent.

52. Upon information and belief, Scintam was aware of Perfect Point's '584 Patent before it first offered to sell the Accused Product in the United States.

53. Upon information and belief, Scintam was aware of Perfect Point's '040 Patent before it first offered to sell the Accused Product in the United States.

54. Upon information and belief, Scintam was aware of Perfect Point's '584 Patent before the filing of this Complaint.

55. Upon information and belief, Scintam was aware of Perfect Point's '040 Patent before the filing of this Complaint.

56. Upon information and belief, Scintam has continued to offer to sell the Accused Product in the United States despite Perfect Point's '584 Patent & '040 Patent.

57. As a result of Scintam's actions, the Accused Product, and potentially other infringing devices, have been offered for sale in the United States to the irreparable harm of Perfect Point.

58. Upon information and belief, Scintam stands to reap significant financial profits and gains at the expense of Perfect Point who stands to suffer significant financial losses, as a result of Scintam's infringing actions, if not stopped immediately.

59. Scintam has never requested Perfect Point's permission or authorization to practice the claims of Perfect Point's '584 Patent and/or Perfect Point's '040 Patent, and Perfect Point has never authorized Scintam to do so.

60. As such, Scintam's infringing offers for sale of its infringing FastEDM product has been in complete disregard of Perfect Point's intellectual property rights.

V. <u>Scintam's Wrongful Action Regarding False Advertising and Unfair Competition.</u>

61. Scintam asserts on its website that the Accused Product "significantly improves the reliability of maintenance scheduling by reducing damage rates during disassembly by up to 95% compared to existing methods." *See* Exhibit I.

62. Upon information and belief, "existing methods" include Perfect Point's Patented electro discharge machining method.

63. Scintam also asserts on its website that the Accused Product is "the most predictable and safe fastener removal technology for use on high-value assets." *See*

Exhibit I.

64. Upon information and belief, Scintam targets Perfect Point's identical industry, Perfect Point's identical clients, and, therefore, the identical uses of Perfect Point's E-Drill. *See* Section VI.

65. Upon information and belief, Scintam is making a false comparison between the Accused Product and Plaintiff's E-Drill in its above-mentioned statement.

66. Upon information and belief, Scintam is providing misleading and false advertising and is asserting an untrue statement when it compares the Accused Product to other existing methods, stating that the Accused Product is reducing damage rates during disassembly by up to 95%.

67. Upon information and belief, Scintam is providing misleading and false advertising and is asserting an untrue statement when it states that the Accused Product is the most predictable and safe fastener removal technology, implying a comparison with other products on the market including Plaintiff's E-Drill.

68. Scintam knew, or should have known, that the foregoing statements were untrue and/or misleading when made.

69. Because of Scintam's false advertising and unfair competition, some customers that otherwise would select the Perfect Point E-Drill, instead will purchase Scintam's Accused Product in the hopes of benefitting from the range of services that Scintam alleges come included with Scintam's Accused Product.

70. As a direct and proximate result of Scintam's wrongful conduct, Perfect Point is entitled to a preliminary and permanent injunction preventing Scintam from continuing to engage in the above-described unlawful, unfair, and/or fraudulent business acts or practices, and restitution in the amount of all of Scintam's profits earned in connection with the foregoing tortious activities.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

(Direct Infringement of U.S. Patent No. 8,278,584)

71. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

72. Defendant has offered to sell in the United States the Accused Product that directly, indirectly, and/or pursuant to the Doctrine of Equivalents, infringes Perfect Point's '584 Patent without Plaintiff's authorization, pursuant to 35 U.S.C. § 271 and other applicable law.

73. Specifically, the Accused Product infringes Independent Claim 1 of Perfect Point's '584 Patent.

74. Specifically, the Accused Product infringes Independent Claim 10 of Perfect Point's '584 Patent.

75. Specifically, the Accused Product infringes Independent Claim 15 of Perfect Point's '584 Patent.

76. By reason of the foregoing infringing acts, Plaintiff has been damaged, continues to be damaged, and is entitled to no less than a reasonable royalty in accordance with 35 U.S.C. § 284, in an amount to be determined at trial.

77. By reason of the foregoing infringing acts, Plaintiff has been damaged, continues to be damaged, and is entitled to recover its lost profits in accordance with 35 U.S.C. § 284 and controlling case law in an amount to be determined at trial.

78. In addition, pursuant to 35 U.S.C. § 284, Plaintiff is entitled to enhanced and treble damages against Defendant together with interest at the maximum legal rate and costs as fixed by the Court.

79. Upon information and belief, Defendant's infringements have been intentional and willful, making this an exceptional case.

80. Because this is an exceptional case, Plaintiff is entitled to recover its attorneys' fees pursuant to 35 U.S.C. § 285.

81. Plaintiff has suffered and continues to suffer great and irreparable harm from Defendant's infringement of Perfect Point's '584 Patent. Plaintiff has no adequate remedy at law and is entitled to a preliminary and permanent injunction against Defendant's continued infringement of Perfect Point's '584 Patent. Unless enjoined by this Court, Defendant will continue its infringing conduct, thereby causing Plaintiff to further sustain irreparable damage, loss, and injury.

### SECOND CLAIM FOR RELIEF
(Direct Infringement of U.S. Patent No. 8,963,040)

82. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

83. Defendant has offered to sell in the United States the Accused Product that directly, indirectly, and/or pursuant to the Doctrine of Equivalents, infringes Perfect Point's '040 Patent without Plaintiff's authorization, pursuant to 35 U.S.C. § 271 and other applicable law.

84. Specifically, the Accused Product infringes Independent Claim 1 of Perfect Point's '040 Patent.

85. Specifically, the Accused Product infringes Independent Claim 10 of Perfect Point's '040 Patent.

86. By reason of the foregoing infringing acts, Plaintiff has been damaged, continues to be damaged, and is entitled to no less than a reasonable royalty in accordance with 35 U.S.C. § 284, in an amount to be determined at trial.

87. By reason of the foregoing infringing acts, Plaintiff has been damaged, continues to be damaged, and is entitled to recover its lost profits in accordance with 35 U.S.C. § 284 and controlling case law in an amount to be determined at trial.

88. In addition, pursuant to 35 U.S.C. § 284, Plaintiff is entitled to enhanced and treble damages against Defendant together with interest at the maximum legal rate and costs as fixed by the Court.

89. Upon information and belief, Defendant's infringements have been

intentional and willful, making this an exceptional case.

90. Because this is an exceptional case, Plaintiff is entitled to recover its attorneys' fees pursuant to 35 U.S.C. § 285.

91. Plaintiff has suffered and continues to suffer great and irreparable harm from Defendant's infringement of Perfect Point's '040 Patent. Plaintiff has no adequate remedy at law and is entitled to a preliminary and permanent injunction against Defendant's continuing infringement of Perfect Point's '040 Patent. Unless enjoined by this Court, Defendant will continue its infringing conduct, thereby causing Plaintiff to further sustain irreparable damage, loss, and injury.

## THIRD CLAIM FOR RELIEF

(False Advertising and Unfair Competition - 15 U.S.C. § 1125)

92. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

93. Defendant's statement that the Accused Product "significantly improves the reliability of maintenance scheduling by reducing damage rates during disassembly by up to 95% compared to existing methods" in reference, among others, to Perfect Point's electro discharge machining method, is false and misleading.

94. Defendant's statement that the Accused Product is "the most predictable and safe fastener removal technology for use on high-value assets" in comparison, among others, to the E-Drill, is false and misleading.

95. Defendant knew, or should have known, that its statements were untrue and/or misleading.

96. Defendant's conduct in making false allegations and misrepresentations of the truth, for its own use and benefit, in complete disregard of Plaintiff's rights and at Plaintiff's expense, constitutes False Advertising pursuant to 15 U.S.C. §1125(a)(1)(B).

97. Defendant has acted in bad faith by soliciting one or more of Plaintiff's biggest clients to offer to sell to them the Accused Product in the place of Perfect Point's E-Drill.

98. Defendant's tortious conduct, acting for its own benefit, in complete disregard of Plaintiff's rights and at Plaintiff's expense, constitutes Unfair Competition pursuant to 15 U.S.C. § 1125.

99. As a direct, proximate, and foreseeable result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, irreparable harm.  Plaintiff has no adequate remedy at law to compensate for these substantial injuries and is entitled to a preliminary and permanent injunction pursuant to 15 U.S.C. § 1116.

100. As a direct, proximate, and foreseeable result of Defendant's wrongful conduct, Plaintiff is entitled to recover Defendant's profits gained from its unlawful acts, damages sustained by the Plaintiff, and the costs of this action pursuant to 15 U.S.C. § 1117.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment to be Entered in its favor and against Defendant as follows:

a) Entry of Judgment in favor of Perfect Point EDM Corporation and against Scintam Engineering Ltd on each claim made in the Complaint;

b) Entry of Judgment that Defendant has infringed and continues to infringe Perfect Point's '584 and Perfect Point's '040 Patent in violation of 35 U.S.C. 271;

c) Entry of a temporary, preliminary, and permanent injunction pursuant to 35 U.S.C. § 273 against further infringement of Perfect Point's '584 Patent and Perfect Point's '040 Patent by Defendant, its officers, agents, and employees, and all others in active concert or participation with any of them;

d) An order pursuant to the Court's inherent authority ordering seizure of all infringing articles within the United States, or any other copy, reproduction, or colorable imitation of the infringing articles in Defendant's possession, custody, or control, including any and all

       advertising and other materials used in furtherance of Defendant's infringement, whether in hard copy or electronic form, for destruction at Defendant's expense;

e) An award of damages adequate to compensate Plaintiff for the patent infringement that has occurred pursuant to 35 U.S.C. § 284, which shall be trebled as a result of Defendant's willful patent infringement, together with pre- and post-judgment interest and costs;

f) An order directing Defendant to notify any and all purchasers of the Accused Product that those products infringe Perfect Point's '584 Patent and/or Perfect Point's '040 Patent and must be returned for destruction at Defendant's expense;

g) An accounting of all Accused Product manufactured and/or sold and/or offered for sale within the United States and an appropriate royalty therefor to be awarded to Plaintiff;

h) An assessment of costs, including a declaration that this is an exceptional case, and reasonable attorneys' fees and taxable costs awarded against Defendant to Plaintiff, pursuant to 35 U.S.C. § 285;

i) Judgment that the Defendant has engaged in false advertising in violation of 15 U.S.C. § 1125(a), as well as any other applicable law(s);

j) Entry of a temporary, preliminary, and permanent injunction against further false statements and deceptive advertising by Defendant, its officers, agents, and employees, and all others in active concert or participation with any of them;

k) An award of damages adequate to compensate Plaintiff for the damage to its business and goodwill caused by Defendant's false advertising;

l) Entry of Judgment that the Defendant has engaged in unfair competition in violation of 15 U.S.C. § 1125(a), as well as any other applicable law(s);

m) Entry of a temporary, preliminary, and permanent injunction against

further acts of unfair competition by Defendant, its officers, agents, and employees, and all others in active concert or participation with any of them;

n) An award of damages adequate to compensate Plaintiff for the damage to its business and goodwill caused by Defendant's Unfair Competition;

o) An award of pre- and post-judgment interest; and

p) That Plaintiff be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated: April 22, 2024

/Marc E. Hankin/
Marc E. Hankin, Esq.
Attorneys for Plaintiff,
**Perfect Point EDM Corporation**

## **DEMAND FOR JURY TRIAL**

Perfect Point EDM Corporation hereby demands trial by jury on all claims and issues so triable.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated: April 22, 2024

/Marc E. Hankin/
Marc E. Hankin, Esq.
Attorneys for Plaintiff,
**Perfect Point EDM Corporation**

## TABLE OF EXHIBITS

| Exhibit A | Plaintiff's Website home page | Page 018 |
|---|---|---|
| Exhibit B | Scintam Website at https://www.scintam.com | Page 023 |
| Exhibit C | U.S. Patent Application No. 18/336,341 | Page 034 |
| Exhibit D | U.K. Patent Application No. 2208907.2 | Page 053 |
| Exhibit E | European Patent Application No. 23179359.7 | Page 089 |
| Exhibit F | U.S. Patent No. 8,278,584 | Page 113 |
| Exhibit G | U.S. Patent No. 8,963,040 | Page 136 |
| Exhibit H | Perfect Point's brochure for the E-Drill | Page 156 |
| Exhibit I | Scintam's webpage showing the FastEDR | Page 159 |
| Exhibit J | Claim Infringement Chart ('584 Patent) | Page 170 |
| Exhibit K | Claim Infringement Chart ('040 Patent) | Page 184 |